UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 22-00227 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RICHARD L. DESADIER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant Richard L. Desadier's ("Desadier") Motion for Judicial Determination. See Record Document 43. Desadier moves the Court for an order declaring that his prior conviction under 26 U.S.C. § 7202 for failure to pay over withheld and F.I.C.A. taxes does not constitute a predicate offense triggering the firearm possession prohibition under 18 U.S.C. § 922(g)(1). See id.[1] More specifically, the defense submits that Desadier's conviction under Section 7202 falls within the statutory exception for business-related offenses under 18 U.S.C. § 921(a)(20)(A). See id.

The Government responded, arguing the defense motion should be denied on two grounds. See Record Document 48. First, the Government submits that courts across the country have determined that tax violations are not business regulations; thus, tax felons are prohibited from possessing firearms. See id. at 2-4. Additionally, the Government contends that the defense has not cited authority that allows the Court to make a determination at this time as to Desadier's ability to possess or own a firearm. See id. at 4.

---

[1] Desadier was charged with ten counts of failure to pay over withholding and F.I.C.A. taxes in violation of 26 U.S.C. § 7202. He entered a plea of guilty to count ten. Prior to sentencing, Desadier filed the instant motion.

Section 922(g)(1) provides that "[i]t shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C.A. § 922.  There are exceptions to this general rule.  For instance, Section 921(a)(20)(A) provides "[t]he term 'crime punishable by imprisonment for a term exceeding one year' does not include any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." 18 U.S.C.A. § 921.  Such offenses are excluded from qualifying as predicate offenses under Section 922(g)(1).

Desadier maintains his conviction falls under the Section 921(a)(20)(A) exception because it "is a white-collar, regulatory offense concerning compliance with federal business tax laws" and "the offense relates solely to [his] conduct as an employer and business operator with payroll tax obligations."  Record Document 43 at 2.  He further notes that his offense of conviction did not involve "violence, threats to public safety, or crimes against persons."  Id.  Conversely, the Government argues that tax evasion is not a business regulation and the Section 921(a)(20)(A) exception does not apply in this case.

The Court first addresses whether the instant motion is the proper procedural vehicle to raise the business regulation exception.  In Baisden v. Garland, the plaintiff, due to his prior felony conviction for attempted tax evasion, filed a civil suit asking the court to enjoin the Government from applying Section 922(g)(1) to him.  No. CV 19-3105 (JMC), 2023 WL 7695744, at *1 (D.D.C. Nov. 15, 2023).  The plaintiff alleged in his

amended complaint that his conviction fell within the statutory exception set forth in Section 921(a)(20)(A).  See id.   Unlike the plaintiff in Baisden, Desadier did not file a separate civil action to enjoin the Government from enforcing Section 922(g)(1) against him.  The relief Desadier seeks in his motion is simply not a proper request to make as part of his criminal matter.

Additionally, this Court finds no merit in Desadier's contention that his crime of failure to pay over withholding and F.I.C.A. taxes falls within the statutory business practices exception under 18 U.S.C. § 921(a)(20)(A).  "A 'willful[ ] attempt[ ] . . . to evade or defeat any tax imposed by [Title 26 of the United States Code]' is not an antitrust violation, an unfair trade practice, a restraint of trade, or a 'similar offense[ ]' relating to business regulation."  Baisden, 2023 WL 7695744, at *4.  Rather, "it is an offense that has long been understood as one that penalizes and deters those who would directly cause a loss of revenue to the federal treasury, regardless of the particular manner in which the offender does so."  Id.  Such offenses punish "the avoidance of any tax under Title 26 with no special focus on trade, commercial practices, or business regulation."  Id.  The Baisden court "observed that prohibitions on tax evasion serve to punish filers who seek to avoid tax liability and cause a loss of revenue to the government—it does not primarily target those who harm consumers or competition."  Id. at *5.  Thus, "tax evasion is not a business regulation."  Id.

Another federal court has also reasoned that the business practices denoted in Section 920(a)(20(A) refer to types of offenses such as antitrust violations, unfair trade practices, and restraints of trade.  See United States v. Stanko, 491 F.3d 408, 414 (8th Cir. 2007).  Thus, the Eighth Circuit held "that the plain meaning of the statute indicates

Congress's intent to limit the offenses that fall within the § 921(a)(20)(A) exclusion to those pertaining to antitrust violations, unfair trade practices, restraints of trade, or offenses similar to them." Id. The Section 921(a)(20)(A) exclusion does not extend to all business-related offenses. See id. at 415.

Desadier's conviction for failure to pay over withholding and F.I.C.A. taxes does not impact consumers or business competition. Income tax, payroll tax, and FICA taxes do not exist to regulate business. The aforementioned taxes fund the federal government and its various programs. Violation of 26 U.S.C. 7202 is more akin to a theft from the federal government, not a business regulation. A felony theft conviction supports the application of the prohibition under 18 U.S.C. § 922(g)(1).

Accordingly,

**IT IS ORDERED** that Desadier's Motion for Judicial Determination (Record Document 43) be and is hereby **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 3rd day of November, 2025.

_____
United States District Judge